UNITED STATES v. BRENNEMAN. See Case No. 1b,008.

---

## Case No. 14,639.

### UNITED STATES v. BRENT.

[1 Cranch, C. C. 525.] [1]

Circuit Court, District of Columbia. Dec. Term, 1808.

#### MARSHAL—ESCAPE OF DEBTOR.

The marshal is liable upon his official bond if he suffers a debtor to escape after arrest upon a capias ad satisfaciendum, although he has him in court at the return day.

Debt on the marshal's official bond.

The facts agreed were that the marshal [D. C. Brent] arrested Jane Burch on a capias ad satisfaciendum at the plaintiff's suit, and voluntarily suffered her to go out of prison for three days, after which she returned and was discharged under the insolvent act before the return day of the writ.

J. Law, for plaintiff [the United States, for the use of James & Benson McCormick]. After a voluntary escape the sheriff cannot retake the defendant; and whether in custody again or not, is of no importance, as the sheriff has made himself liable. 3 Bl. Comm. 415. It is not important whether the escape is before or after the return of the capias ad satisfaciendum. Hawkins v. Plomer, 2 W. Bl. 1049; Pitcher v. Bailey, 8 East. 171.

The law and the form of the capias ad satisfaciendum are the same in Maryland as in England. 1 Har. Ent. 642. So, also, are the forms of the pleadings. The acts of Maryland, 1768 (chapter 10), 1794 (chapter 54), and 1779 (chapter 25), do not alter the law of England.

F. S. Key, and Mr. Morsell, contra. That part of the common law of England was not adopted in Maryland, because not applicable to the circumstances of the country; there being no jails in Maryland for a long time; and even now there are some counties without public jails.

No case has been produced of such a suit in Maryland. The sheriff there is not considered liable if he has the body at the return of the capias ad satisfaciendum.

[1] [Reported by Hon. William Cranch, Chief Judge.]

The act of assembly, 1768, c. 10, has pointed out another remedy, viz. by judgment against the sheriff on his return.

CRANCH, Chief Judge, mentioned Judge Chase's letter to Mr. Tilghman, October 20, 1798, in which he says the act 1 Rich. II. c. 12, giving the action of debt for escape of prisoners in execution, is in force in Maryland.

After consideration, THE COURT, in April, 1811 (nem. con.), rendered judgment for the plaintiff, observing that the law of England is admitted, and no practice in Maryland is sufficiently proved to the contrary.